IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

PERTICIAH HARRIS, o/b/o C.M., )
 )
  Plaintiff, )
 )
v. ) CIVIL ACTION NO. 19-1123-MU
 )
ANDREW M. SAUL, )
Commissioner of Social Security, )
 )
  Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Perticiah Harris, o.b.o. C.M., brings this action, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security ("the Commissioner") denying her claim for Supplemental Security Income ("SSI"), on behalf of her minor grandchild, C.M. (Doc. 1). The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (Doc. 18 ("In accordance with the provisions of 28 U.S.C. 636(c) and Fed. R. Civ. P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings in this case, . . . order the entry of a final judgment, and conduct all post-judgment proceedings.")). *See* Doc. 20. Upon consideration of the administrative record, Harris's brief, and the Commissioner's brief,[1] it is determined that the Commissioner's decision denying benefits should be affirmed.[2]

---

[1] The parties elected to waive oral argument. *See* Docs. 17, 18.

[2] Any appeal taken from this Order and Judgment shall be made to the Eleventh Circuit Court of Appeals. *See* Doc. 18 ("An appeal from a judgment entered by a Magistrate

## I.  PROCEDURAL HISTORY

Harris applied for SSI, on behalf of her minor grandchild, C.M., under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-433, on August 4, 2017. (Tr. 112-16). Her application was denied at the initial level of administrative review on October 5, 2017. (Tr. 44-53). On November 27, 2017, Harris requested a hearing by an Administrative Law Judge (ALJ). (Tr. 62). After a hearing was held on February 5, 2019, the ALJ issued an unfavorable decision finding that C.M. was not under a disability from the date the application was filed through the date of the decision, March 19, 2019. (Tr. 12-30). Harris appealed the ALJ's decision to the Appeals Council, which denied her request for review of the ALJ's decision on October 28, 2019. (Tr. 1-6). After exhausting her administrative remedies, Harris sought judicial review in this Court, pursuant to 42 U.S.C. §§ 405(g) and 1383(c). (Doc. 1). The Commissioner filed an answer and the social security transcript on April 6, 2020. (Docs. 10, 11). Both parties have filed briefs setting forth their respective positions. (Docs. 13, 15). The parties waived oral argument. (Docs. 17, 19).

## II.  CLAIMS ON APPEAL

Harris alleges that the ALJ's decision to deny benefits is in error because he erred in failing to consider the opinions of the teachers, which he had found persuasive, in determining whether C.M.'s condition equaled a listing. (Doc. 13 at p. 1).

---

Judge shall be taken directly to the United States Court of Appeals for the judicial circuit in the same manner as an appeal from any other judgment of this district court.").

### III. BACKGROUND FACTS

C.M. was born on November 24, 2006 and was 10 years old at the time his grandmother filed a claim for benefits on his behalf. (Tr. 112). Harris alleged that C.M. suffered from a disability due to autism and ADHD. (Tr. 130-31).

### IV. ALJ'S DECISION

After conducting a hearing on this matter, the ALJ made a determination that C.M. had not been under a disability during the relevant time period, and thus, was not entitled to benefits. (Tr. 30). The ALJ found that C.M. had not engaged in substantial gainful activity since the date of the application; that he had a severe impairment of ADHD; that he did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments; and that he did not have an impairment or combination of impairments that functionally equaled the severity of the listings. (Tr. 18-30).

### V. DISCUSSION

When a claimant appeals an unfavorable ALJ decision, the reviewing court must determine whether the Commissioner's decision to deny benefits was "supported by substantial evidence and based on proper legal standards." *Winschel v. Comm'r of Soc. Sec.,* 631 F.3d 1176, 1178 (11th Cir. 2011) (citations omitted); *see* 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel*, 631 F.3d at 1178 (citations omitted).  "In determining whether substantial evidence exists, [the reviewing court] must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*,

792 F.2d 129, 131 (11th Cir. 1986). The reviewing court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Id*. When a decision is supported by substantial evidence, the reviewing court must affirm "[e]ven if [the court] find[s] that the evidence preponderates against the Secretary's decision." *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986); *see also Bryant v. Social Sec. Admin.*, 478 F. App'x 644, 645 (11th Cir. 2012) (stating that "[w]here substantial evidence supporting the ALJ's fact findings exists, we cannot overturn those findings even if other substantial evidence exists that is contrary to the ALJ's findings").

Pursuant to 42 U.S.C. § 1382c(a)(3)(C)(i), an individual under the age of eighteen is considered disabled if he has "a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." The regulations establish a three-step sequential evaluation process for determining childhood disability, in which a child must show: (1) he is not working; (2) he has a severe impairment or combination of impairments; and (3) his impairment or combination of impairments meets, medically equals, or functionally equals the Listings. *See* 20 C.F.R. § 416.924 (2019).

A child's functioning is evaluated in the following six domains, which are "broad areas of functioning intended to capture all of what a child can and cannot do:" (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for himself; and (6) health and physical well-being. *See* 20 C.F.R. § 416.926a(b)(1)(i)-(vi). An impairment functionally equals the Listings if it results in "marked" limitations

in two domains or an "extreme" limitation in one domain. *See* 20 C.F.R. § 416.926a(a). A child has a "marked" limitation in a domain when his impairments interfere seriously with his ability to independently initiate, sustain, or complete activities. *See* 20 C.F.R. § 416.926a(e)(2)(i). A child has an "extreme" limitation in a domain when his impairments interfere very seriously with his ability to independently initiate, sustain, or complete activities. *See* 20 C.F.R. § 416.926a(e)(3)(i).

In deciding whether a child has a "marked" or "extreme" limitation in a domain, an ALJ should consider all of the relevant information in the case record that helps determine his functioning. *See* 20 C.F.R. § 416.926a(e)(1)(i). "No single piece of evidence taken in isolation can establish whether [a child] ha[s] a 'marked' or an 'extreme' limitation in a domain." 20 C.F.R.  § 416.926a(e)(4)(i). In assessing a child's functional limitations, the ALJ should consider how well the child can initiate and sustain activities, how much extra help the child needs, the effects of structured or supportive settings, how the child functions in school, and the effects of the child's medication or other treatment. *See* 20 C.F.R. § 416.926a(a).

The ALJ in this case applied the three-step sequential evaluation process for determining childhood disability and determined (1) that C.M was not working; (2) that he had a severe impairment of ADHD; (3) that he did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments; and (4) that he did not have an impairment or combination of impairments that functionally equaled the severity of the listings. (Tr. 18). Harris argues that the ALJ erred in determining that C.M. did not have an impairment or combination of impairments that functionally equaled the severity of the listings. Specifically, Harris argues that, if the

ALJ had properly considered the teacher questionnaire from C.M.'s fifth grade teacher, he would have found that his impairment functionally equaled the severity of the listings.

Having reviewed the ALJ's decision, as well as all record evidence, the Court notes that, in assessing functional equivalence, the ALJ discussed and considered all relevant evidence of C.M.'s activities and limitations from appropriate sources, *see* 20 C.F.R. § 416.924a(a), such as medical records and opinions, hearing testimony, Function Reports, and school records. (Tr. 12-30). The Court finds that a lengthy recitation of this evidence is not necessary here. The ALJ's decision and the briefs of the parties contain detailed and complete recitations of the evidence, which the Court incorporates herein by reference. Suffice it to say that this evidence, as discussed by the ALJ, constitutes substantial evidence supporting the ALJ's finding that C.M. had marked limitations in the domain of acquiring and using information and less than marked limitations in the domains of attending and completing tasks, interacting and relating with others, the ability to care for himself, and health and well-being (Tr. 24-30). The ALJ also concluded that he had no limitation in the domain of moving about and manipulating objects. (Tr. 27-28).

To be sure, the evidence in the record in some respects is contradictory, which is not all together surprising since it is based on various people's perceptions of C.M., a ten-year old, in various settings. However, a review of the ALJ's decision reveals that he thoughtfully considered all of the evidence and based upon the totality of the evidence and his credibility determinations, reached the conclusion that C.M. was not disabled under the Act. Harris here is essentially requesting that this Court reweigh the evidence and substitute its judgment for that of the Commissioner. It is well-established that the

Court cannot take such action. *Chester*, 792 F.2d at 131. When "substantial evidence supporting the ALJ's fact findings exists, we cannot overturn those findings even if other substantial evidence exists that is contrary to the ALJ's findings." *Bryant,* 478 F. App'x at 645.

## **CONCLUSION**

This Court is limited to a determination of whether the ALJ's decision is supported by substantial evidence and based on proper legal standards. The Court finds that the ALJ's Decision that Harris is not entitled to benefits is supported by substantial evidence and based on proper legal standards. Accordingly, it is **ORDERED** that the decision of the Commissioner of Social Security denying Plaintiff benefits be **AFFIRMED**.

**DONE** and **ORDERED** this the **26th** day of **March, 2021**.

s/P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**